**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BOBBY EARL TROTTER,<br>CDCR #: BC-6851,<br>Plaintiff,<br>v.<br>HORN, Warden, UNKNOWN CAPTAIN, UNKNOWN SERGEANT,<br>Defendants. | Case No.: 3:26cv6479-LL-BJW<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 84(b), 1391(b) AND 1406(a)** |

Plaintiff Bobby Earl Trotter is a state prisoner currently imprisoned at R.J. Donovan Correctional Facility in San Diego, California. Plaintiff, proceeding without counsel, filed a civil rights action under 42 U.S.C. § 1983. ECF No. 1. He alleges his constitutional rights were violated while he was housed at Kern Valley State Prison ("KVSP"). *Id.* at 1. Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action when he filed his Complaint. Instead, he filed a Motion for Leave to Proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

The Court finds, however, that the Southern District of California is not the proper venue for Plaintiff's case. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v.*

*Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). “A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . ..” 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. “The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.” 28 U.S.C. § 1406(a).

Here, Plaintiff names as Defendants: Horn, the warden at KVSP, and two unnamed officers who also work at KVSP, which is located in Kern County. *See* ECF No. 1 at 2. In addition, all events are alleged to have occurred at KVSP. *Id.* at 3–5. Thus, the events arose—and all Defendants are alleged to reside—in the Eastern District of California. *See* 28 U.S.C. § 84(b). None of the events or omissions giving rise to Plaintiff’s claims are alleged to have occurred in either San Diego or Imperial County, and no Defendant is alleged to reside here. *See* ECF No. 1. As such, the Court finds venue is proper in the Eastern District of California under 28 U.S.C. § 84(b), and not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this civil action for lack of proper venue, in the interests of justice, and for the convenience of all parties, to the docket of the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 84(b), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1406(a).[1]

**IT IS SO ORDERED**.

Dated: November 23, 2026

Honorable Linda Lopez
United States District Judge

---

[1] Because the Court finds transfer appropriate, the Court defers consideration of Plaintiff's motion for leave to proceed IFP and the sua sponte screening required under 28 U.S.C. §§ 1915(e)(2) & 1915A(b) to the United States District Court for the Eastern District of California and expresses no opinion on those matters. *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018) (per curiam).